Alan Van Praag
Edward W. Floyd
EATON & VAN WINKLE LLP
3 Park Avenue
New York, New York 10016-2078
(212) 779-9910
avanpraag@evw.com
efloyd@evw.com

*Attorneys for Plaintiff*



14 CV - 9056

JUDGE KOELTL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SMARTY SHIPPING CO. LTD.,

                    Plaintiff,

    -against-

INTERMARINE SHIPPING CO. LTD
(a/k/a INTERMARINE TRANSPORTATION CO.),

                    Defendant.
------------------------------------------------------------x

Case No.:
ECF Case

RECEIVED
NOV 19 2014
U.S.D.C. S.D.N.Y.

**VERIFIED COMPLAINT IN ADMIRALTY**

    Plaintiff, Smarty Shipping Co. Ltd. ("Plaintiff"), by its attorneys, Eaton & Van Winkle LLP, for its Verified Complaint against defendant, Intermarine Shipping Co. Ltd. (a/k/a Intermarine Transportation Co.) ("Defendant"), states, on information and belief, as follows:

    1.    This is a case of admiralty and maritime jurisdiction, 28 U.S.C. § 1333, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule B of the Supplemental Rules for Admiralty or Maritime Claims.

### THE PARTIES

    2.    Plaintiff is a business entity organized under the laws of Liberia.

    3.    On information and belief, Defendant is a business entity organized under the

1

laws of the British Virgin Islands.

## FACTS

4. On or about January 23, 2013, Plaintiff and Defendant entered into a maritime contract, specifically a time charter party (the "Time Charter" or "Charter Party"), with respect to the M/V SMARTY (the "Vessel").

5. On or about January 26, 2013, Plaintiff delivered the Vessel to Defendant.

6. On or about March 2, 2013, Defendant redelivered the Vessel to Plaintiff.

7. Pursuant to the Charter Party, Defendant was obliged to pay Plaintiff the sum of $830,351.67 on account of hire (the payment owed for a time charter), bunkers (maritime fuel) and other amounts due under the Charter Party.

8. However, in breach of its obligations under the Charter Party, Defendant only paid $802,767.63.

9. Plaintiff accordingly sent Defendant a final statement regarding the outstanding $27,585.04 which was due to Plaintiff.

10. Defendant failed to pay that amount, and Plaintiff accordingly commenced arbitration in London pursuant to the Charter Party.

11. On or about July 8, 2014, the arbitrator issued a final arbitration award in favor of Plaintiff, and against Defendant, which award declared and directed, in pertinent part, that:

   a. Defendant shall pay Plaintiff "the sum of US$27,548.04 . . . together with interest thereon at the rate of 5% per annum and pro rata, compounded at quarterly rests from 15 April 2013 to the date of payment"; and

   b. Defendant "shall pay [Plaintiff's] costs up to the maximum currently allowed

under the LMAA Small Claims Procedure Terms, **TOGETHER** with the cost of this reference provided, however, that if in the first instance [Plaintiff] shall have paid all or any part of the cost of this reference they shall [sic] together with interest thereon at the rate of 5% per annum and pro rata, compounded at quarterly rests from the date of this award to the date of payment."

(A copy of the award is annexed hereto as Exhibit 1.)

12. Defendant therefore owes Plaintiff a sum, in excess of $30,000.00 together with compound interest which continues to accrue.

## FIRST CLAIM

13. Plaintiff repeats and realleges paragraphs 1 through 12 as if fully set forth herein.

14. Defendant breached its maritime contract with Plaintiff and caused Plaintiff to suffer damages in excess of $30,000.00 together with interest which continues to accrue.

## RULE B ATTACHMENT

15. As called for by the provisions of the Charter Party, the merits of the underlying dispute between Plaintiff and Defendant have been finally resolved by arbitration in London and the Arbitrator has issued a final award. Plaintiff reserves the right to seek confirmation, recognition and enforcement of that award, including by way of a motion made within this action.

16. This action is brought to obtain jurisdiction over Defendant in this District and to obtain security in favor of Plaintiff for its claims against Defendant for payment of an amount equal to at least $30,000.00, which amount continues to grow as interest continues to accrue.

17. Upon information and belief, and after investigation, Defendant cannot be found

3

within this District for the purposes of Rule B of the Supplemental Rules for Admiralty or Maritime Claims (*see* the accompanying Declaration of Edward W. Floyd).

18. However, Plaintiff is informed that Defendant has, or will shortly have, property subject to attachment within this District.

19. Specifically, based upon a review of records from an action captioned *Intermarine Shipping Co. Ltd. v. BHPB Freight Pty Ltd., Melbourne*, 09 cv 5343 (JGK), funds in excess of $375,000.00 (held by HSBC as garnishee) were initially attached by Intermarine. Those funds were then transferred to an escrow account which served as security pending resolution of the *Intermarine / BHPB* dispute.

20. Plaintiff therefore has reason to believe that the funds which were escrowed in conjunction with the *Intermarine / BHPB* dispute continue to be held by an escrowee within this District. Plaintiff also believes that Defendant has ongoing banking relationships with Standard Chartered Bank.

WHEREFORE, Plaintiff prays as follows;

a. That process in due form of law according to the practice of this Court may issue against Defendant;

b. That the Court, in accordance with the provisions of Rule B of the Supplemental Rules for Admiralty or Maritime Claims, direct the issuance of Process of Maritime Attachment and Garnishment attaching all assets within the District owned by Defendant or in which Defendant has a beneficial or otherwise attachable interest up to the amount of $30,000.00;

c. That judgment be entered against Defendant and in favor of Plaintiff in the amount of, at least, $30,000.00, plus interest, costs, and attorneys' fees; and

4

d.  That the Court grant such other, further and different relief as may be just, proper and equitable in the premises.

Dated: New York, New York
       November /3, 2014

By:        EATON & VAN WINKLE LLP

*[signature]*

Edward W. Floyd
Alan Van Praag

3 Park Avenue
New York, New York 10016-2078
(212) 779-9910

*Attorneys for Plaintiffs*

## VERIFICATION

Edward W. Floyd, pursuant to the provisions of 28 U.S.C. § 1746, declares and states as follows:

1. I am an attorney admitted to practice before this Court and am a partner with the firm of Eaton & Van Winkle LLP, attorneys for Plaintiff, and I make this verification on behalf of Plaintiff.

2. I have read the foregoing complaint and know the contents thereof and the same are true to the best of my knowledge, information and belief. The sources of my information and the grounds for my belief are communications received from the Plaintiff and an examination of the papers relating to the matters in suit.

3. The reason this verification is made by the undersigned, and not made by Plaintiff, is that Plaintiff is a foreign corporation or other business entity, no officer or director of which is presently within this District.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       November 13, 2014

                                                    _____
                                                    Edward W. Floyd

## DECLARATION IN SUPPORT OF APPLICATION FOR ATTACHMENT
## PURSUANT TO FRCP SUPPLEMENTAL RULE B

Edward W. Floyd, pursuant to the provisions of 28 U.S.C. § 1746, declares and states as follows:

1. I am an attorney admitted to practice before this Court and am a partner with the firm of Eaton & Van Winkle LLP, attorneys for Plaintiff, and I am familiar with the facts of this matter.

2. To the best of my information and belief, defendant Intermarine Shipping Co. Ltd. ("Defendant") cannot be found within this District as defined by the relevant State and Federal Rules of Civil Procedure and within the meaning of FRCP Supplemental Rule B.

3. I caused a search to be made by going to the New York State Department of State website and searching the Corporation and Business Entity Database (http://www.dos.ny.gov/corps/bus_entity_search.html) for Defendant. This database provides that a business entity called Intermarine Shipping Co., Ltd. registered with New York authorities on February 12, 2009 *but that* such entity's current status is inactive pursuant to "Dissolution by Proclamation / Annulment of Authority (Oct 26, 2011)." Therefore, it is my informed belief that, even if the Plaintiff might previously have been deemed found within this District (and assuming that the Intermarine company which was formerly registered with New York authorities is the same "Intermarine"), the Defendant has not been found within this District since October 2011.

4. I also caused a search to be made of the online White Pages for the New York State area (http://www.whitepages.com/business). That database contains a listing for a business called Intermarine Shipping Co., Ltd. in East Meadow, New York. However, given the

aforementioned "Dissolution by Proclamation / Annulment of Authority" respecting an entity of the same name, it is my informed belief that this listing does not reflect current status or that, even if it does reflect current status, Defendant would still not be found within this District because East Meadow, New York is not within the Southern District of New York.

8. In addition to the foregoing, I am also unaware of any general or managing agents within this District for Defendant.

10. It is for the foregoing reasons that I request, on behalf of Plaintiff, that the Court execute the accompanying (Proposed Form of) Order For Issuance of Process of Maritime Attachment and Garnishment.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       November 13, 2014

_____
Edward W. Floyd

## DECLARATION IN SUPPORT OF AN ORDER APPOINTING
## A PERSON TO SERVE PROCESS

Edward W. Floyd, pursuant to the provisions of 28 U.S.C. § 1746, declares and states as follows:

1. I am an attorney admitted to practice before this Court and am a partner with the firm of Eaton & Van Winkle LLP, attorneys for Plaintiff.

2. I make this Declaration in support of Plaintiff's application, pursuant to the provisions of Rule 4(c) of the Federal Rules of Civil Procedure and the provisions of Rule B(1)(d)(ii) of the Supplemental Rules for Admiralty or Maritime Claims, for an Order appointing Edward W. Floyd or any other partner, associate, paralegal or agent of Eaton & Van Winkle LLP, in addition to the United States Marshal, to serve Process of Maritime Attachment and Garnishment on the garnishees listed in the Process, together with other possible garnishees.

3. The partners, associates, paralegals or agents of Eaton & Van Winkle LLP, who will be designated, are over 18 years of age, and are not a party to this action.

4. Plaintiff desires to serve the Process of Maritime Attachment and Garnishment on the garnishees promptly so that Plaintiff will be fully protected against the possibility of not being able to satisfy the arbitral award it has obtained (or any subsequent judgment confirming such award) against Defendant.

5. Plaintiff respectfully requests, for the foregoing reasons, that the Court appoint Edward W. Floyd or any partner, associate, paralegal or agent of Eaton & Van Winkle LLP to serve the Process of Maritime Attachment and Garnishment upon the garnishees listed in the Process, together with any other garnishees that Plaintiff learns may hold assets of Defendant.

6. No previous application for this or similar relief has been made in this Court.

Dated: New York, New York
November 13, 2014

_____
Edward W. Floyd